### JACOBY et v KRUPP et

Ohio Appeals, 6th Dist, Lucas Co

No. 2254. Decided October 21, 1929

Mr. W. W. Campbell, Toledo, for Jacoby.
Mr. Geo. N Fell, Toledo, for Krupp.

RICHARDS, J.

No serious controversy can exist as to the controlling facts in this case. The petition alleges that the grantor Mary Jacoby was incompetent to execue a deed at the time these instruments were made and was unduly influenced thereto, but we find no evidence of consequence in the record tending to sustain such allegations. The first deed was executed by her in due form of law on April 24, 1925, for a recited consideration of $20,000.00, and conveyed the property to the grantor's four daughters, Josephine, Gertrude, Amelia and Marie. A year or two after the execution of this deed the daughter Gertrude executed a will by which she devised to her mother her interest in the same property which had been conveyed in the deed already mentioned. Subsequently Gertrude died and shortly thereafter her mother executed another deed to the three surviving daughters, Josephine, Amelia and Marie, for the undivided one-fourth in the property which had been willed to her by her daughter Gertrude. This latter deed recites a consideration of $1.00 and other good and valuable considerations. The defendants testify that they never paid the $20,000 named in the first deed nor any part thereof and claim that they had no knowledge of the execution and delivery of the deed. The evidence, however, discloses that on the same day the first deed was made the four daughters united in a life lease to their mother of the property conveyed to them. In view of this fact the court finds that they did in fact have knowledge of the conveyance made by their mother to them.

The common pleas court found no grounds on which either deed would be set aside and no grounds for partition, but did find that the plaintiffs were entitled to recover one-fourth the consideration of $20,000 named in the first deed, together with interest thereon, and entitled to a vendor's lien to secure the payment of the same.

In May, 1927, Mary Jacoby executed a trust instrument conveying her personal property to a son-in-law, Albert W. Krupp, in trust for her support and maintenance during her lifetime and after death to pay her just debts and funeral expenses and with instructions to divide the remainder among her three surviving daughters.

At the time of the execution of the first deed Mary Jacoby was about seventy eight years of age, and it is perfectly apparent to the court that all of the instruments executed by her were executed as gifts in contemplation of death for the purpose of making a provision for the benefit of her daughters. It is impossible to conclude from the evidence that either she or any one of the grantees contemplated that the

$20,000 named in the first deed, or any part thereof was to be paid. The grantor, Mary Jacoby lived for about two and a half years after executing the first deed and never made any claim that her daughters were indebted to her for $20,000 or any part thereof.

The first deed was left for record a few days after its execution and the second deed was held by the grantor for a time and then given by the grantor to one of the grantees, who left it with the county recorder for record two or three months after its execution, after which it was returned to the grantor. We have no doubt that this amounted to a valid delivery of the deed.

From the entire record in this case we find nothing which would justify the court in cancelling either of the deeds and nothing which would entitle the plaintiffs to partition. And, in view of the fact that the deeds were intended as deeds of gift, the plaintiffs are not entitled to recover any part of the consideration named in the first deed. Not being entitled to recover any amount, of course there could be no vendor's lien.

The court reaches this conclusion entirely independent of the question that the action is brought in the name of an administrator, who ordinarily would be entitled to recover money due from the grantees, if such money were in fact due.

Judgment and decree for defendants.

Williams and Lloyd, JJ, concur.